IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** | : | CIVIL NO. 1:CV-14-01423 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **SUPERINTENDENT MOONEY,** *et al.*, | : | (Chief Magistrate Judge Schwab) |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is a Report and Recommendation filed by Chief Magistrate Judge Schwab in which she recommends granting in part and denying in part the Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 84.) Defendants have filed objections to the Report and Recommendation. (Doc. 88.) For the reasons that follow, the Magistrate Judge's Report and Recommendation will be adopted in part, and this case will be listed for trial.

## I.  Background

The relevant facts and procedural history can be summarized as follows:

In or about December 2011, Plaintiff Rafiyq Davis sent a letter to Timothy Riskus in the Central Security Office, seeking separations from a fellow inmate,

Jesse Wade ("Inmate Wade"), and other inmates at the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal Township"). (Doc. 73 ¶ 36.) As Plaintiff was housed at SCI-Graterford at the time, he was instructed to raise the issue with the Superintendent upon his return to SCI-Coal Township. (*Id*.) On December 29, 2011, Plaintiff was transferred back to SCI-Coal Township. (*Id*. ¶ 37.) He had a meeting with Lt. Richard Shipe, after which Plaintiff authored an Inmate Statement on January 26, 2012, asserting that his issues with other inmates at SCI-Coal Township had been resolved and that he did not anticipate any problems. (*Id*. ¶ 38.) Plaintiff subsequently raised issues about his safety at SCI-Coal Township again but did not specifically mention Inmate Wade. (*Id*. ¶¶ 39-41.)

On January 5, 2014, while housed at SCI-Coal Township, Plaintiff was assaulted and stabbed by Inmate Wade as he was returning from afternoon activities in the yard. (*Id*. ¶ 18.) Immediately following the incident, Plaintiff was seen by the prison's medical department. (*Id*. ¶ 19.) During his evaluation, Plaintiff exclaimed, "I don't know why that dude hit me!" (*Id*. ¶ 20.) Upon examination, it was noted that Plaintiff had a 1/8-inch puncture wound in his right cheek located 1-inch from his right eye, as well as ecchymosis and abrasions to the left side of his nose and corner of his left eye. (*Id*. ¶ 21.) He denied having any

2

pain or other injury. (*Id.*) Steri-strips were applied to Plaintiff's cheek and he was given instructions regarding hygiene to prevent infection. (*Id.* ¶ 22.) Over the following two months, Plaintiff was seen by the medical department on several occasions for complaints of pain, and decreased or blurred vision in his right eye. (*Id.* ¶¶ 23-26.) However, no doctor has opined that the blurred vision is related to the January 5, 2014 incident. (*Id.* ¶ 26.)

Following the altercation with Inmate Wade, Correctional Officer Hopwood issued Misconduct #A543277 to Plaintiff for fighting and refusing to obey an order. (*Id.* ¶ 48.) The misconduct was ultimately dismissed by the hearing officer. (*Id.*) On March 25, 2014, a correctional officer trainee issued Misconduct #B428705 to Plaintiff for refusing to obey an order and for failing to stand count, or for otherwise interfering with count. (*Id.* ¶ 49.) This misconduct was also dismissed, without prejudice, by the hearing officer. (*Id.* ¶ 50.) Further, Plaintiff was granted parole on April 7, 2014. (*Id.* ¶ 52.)

On July 24, 2014, Plaintiff initiated this action against several officials from the Pennsylvania Department of Corrections ("DOC") with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983, alleging violations of the First and

Eighth Amendments to the United States Constitution.[1]  (Doc. 1.)  Specifically, Plaintiff raises the following claims related to the January 5, 2014 incident: (1) a failure to protect claim under the Eighth Amendment; (2) a failure to intervene claim under the Eighth Amendment; (3) a cruel and unusual punishment claim under the Eighth Amendment; and (4) a retaliation claim under the First Amendment.  Defendants filed an answer to the complaint (Doc. 24), the parties exchanged written discovery, and Defendants took the depositions of Plaintiff and another witness.  On April 15, 2016, Defendants collectively filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Doc. 72.)  On January 6, 2017, Chief Magistrate Judge Schwab filed a Report and Recommendation, recommending that Defendants' motion for summary judgment

---

[1] Named as Defendants are Wayne Benson, Lt. Brian Carpentier, Richard Cory, Renee Foulds, Farren Hopwood, Sgt. Todd Kimbrel, and Lt. Richard Shipe, all corrections officers who, at all relevant times, were employed by SCI-Coal Township.  In addition, Plaintiff names as Defendants Charles Stetler, Intelligence Captain at SCI-Coal Township; Thomas Williams, Unit Manager at SCI-Coal Township; Megan Fetterman, corrections counselor; Anthony Luscavage, Deputy Corrections Superintendent at SCI-Coal Township and member of the Program Review Committee; Michael Miller, Deputy Superintendent and member of the Program Review Committee; and Vincent Mooney, Superintendent of SCI-Coal Township.

Also named as a Defendant is Correctional Officer Trainee John Doe, whose identity is unknown.  By order dated January 6, 2017, the Magistrate Judge recognized that this Defendant had neither been properly served, nor has an attorney enter an appearance on his behalf. (Doc. 82.)  Thus, in that order, the Magistrate Judge directed Plaintiff to show cause within twenty-one (21) days why this Defendant should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id*.)  The Magistrate Judge also warned Plaintiff that failure to show good cause may result in dismissal of his claims against this Defendant. (*Id*.)  To date, Plaintiff has failed to respond to this court order.

4

be granted in part and denied in part. (Doc. 84.) Specifically, the Magistrate Judge recommended that the following claims and Defendants survive: (1) a failure to protect claim against Defendant Williams; (2) a failure to intervene claim against Defendants Benson and Kimbrel; and (3) a retaliation claim against Defendant Hopwood. In addition, she recommended that the claims asserted against Defendant Trainee Doe be dismissed.

On January 27, 2017, Defendants submitted objections to the Magistrate Judge's Report and Recommendation. (Doc. 88.) In their filing, Defendants argue that the surviving claims determined by the Magistrate Judge should be dismissed. Plaintiff has not filed a response. Thus, the Report and Recommendation and the objections thereto are ripe for review.

## II. Discussion

Pursuant to the Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), any party may file written objections to a magistrate judge's proposed findings and recommendations. Where timely and specific objections are filed, the reviewing court must conduct a *de novo* review of those contested portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). In making its *de novo* review, the district court may accept,

reject, or modify, in whole or in part, the factual findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *see Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Uncontested portions of the report are reviewed for clear error or manifest injustice. *See, e.g.*, *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998). Guided by this standard of review, the court will now review the Magistrate Judge's Report and Recommendation and the objections thereto.

### A. **Failure to Protect Claim against Defendant Williams**

Defendants first object to the Magistrate Judge's recommendation that summary judgment be denied with respect to Plaintiff's claim for failure to protect against Defendant Williams. In the Report and Recommendation, the Magistrate Judge concluded that Plaintiff "met his burden of proof in showing a genuine dispute of material fact that he was incarcerated under conditions posing a substantial risk of harm and that Williams was aware of this harm, yet disregarded it." (Doc. 84 at 23.) In support of this finding, the Magistrate Judge noted that Plaintiff told Defendant Williams that Inmate Wade was going to kill him, on two separate occasions, just days before the January 5, 2014 incident. (*Id.*) In addition, Defendant Williams disregarded this risk because Plaintiff had filed numerous grievances and complaints in the past. (*Id.*)

An inmate making a failure to protect claim has the burden of proof to establish that a prison official both knew of and chose to disregard an "excessive risk to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The United States Court of Appeals for the Third Circuit has further held that the knowledge requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Id.*; *see Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997). Actual knowledge can be proven circumstantially where the general danger was obvious. *Farmer*, 511 U.S. at 842. For example, if the prisoner-plaintiff

> presents evidence showing that a substantial risk of inmate attacks was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk."

*Id.* at 842-43.

Here, Defendants argue that not only has Plaintiff not presented evidence of deliberate indifference, but also that Plaintiff did not suffer an injury that rises to the level of "serious harm" for purposes of an Eighth Amendment violation. The court does not agree. First, the Magistrate Judge held that, *inter alia*, because

7

Plaintiff made "express, specific complaints to Williams just days before the incident," (Doc. 84 at 24), he has shown that Defendant Williams was *actually* aware of the existence of the excessive risk of harm to Plaintiff.  The court notes that, to the contrary, the Magistrate Judge found that Plaintiff's complaints to Defendants Foulds and Stetler were too attenuated from the January 5, 2014 incident to permit a reasonable finder of fact to infer that either Defendant knew of and intentionally disregarded a substantial risk of harm to Plaintiff, as Plaintiff's complaints to Foulds and Stetler occurred years prior to the incident.  (*See id*. at 20-22.)  The Magistrate Judge's finding on the timing of Plaintiff's complaints to Defendant Williams supports her conclusion as to this claim.

Second, Defendants take issue with Plaintiff's injury being described as a "stabbing" rather than a "puncture wound," arguing that rather than being "stabbed" by Inmate Wade, Plaintiff suffered a "flesh wound" which required nothing more than a bandage.  (Doc. 89 at 11.)  According to Defendants, Plaintiff's "flesh wound" cannot be classified as a serious injury for purposes of an Eighth Amendment violation.  Again, the court does not agree.  The numerous cases cited by the Magistrate Judge, as well as her review of the parties' respective arguments and the underlying record upon which those arguments rest, support the finding that Plaintiff has met his burden of proof in showing a genuine dispute of

8

material fact with regard to the claim against Defendant Williams. Simply put, it is a jury who must now decide this dispute over "stabbing" versus "puncture wound."

## B. Failure to Intervene Claim against Defendants Benson and Kimbrel

Defendants also object to the Magistrate Judge's recommendation that summary judgment be denied with respect to Plaintiff's claim of failure to intervene against Defendants Benson and Kimbrel. In her Report and Recommendation, the Magistrate Judge asserted that, through Plaintiff's own deposition, he showed that Defendants Benson and Kimbrel were present when the incident was happening; that they "came on the side;" that they just stood by, "looking" and "watching;" that they "didn't intervene;" that they "could have stopped" Inmate Wade and "got him off" Plaintiff, but that they "just didn't do nothing." (Doc. 84 at 28) (citing Doc. 73-1 at 48-49). The Magistrate Judge held that, viewing this evidence in the light most favorable to Plaintiff, he met his burden of proof in showing a factual dispute as to whether or not Defendants Benson and Kimbrel had a reasonable opportunity to intervene, but failed or refused to do so. (Doc. 84 at 28.)

In order to prevail on a failure to intervene claim, the plaintiff must show:

"(1) that the defendant failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was a 'realistic and reasonable opportunity to intervene.'" *Knight v. Walton*, No. 2:12-CV-984, 2014 WL 1316115, at *8 (W.D. Pa. Mar. 28, 2014) (quoting *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002)) (citation omitted).

Here, Defendants argue that Plaintiff's reliance on his uncorroborated deposition testimony is not enough to carry his burden of establishing this claim. Further, Defendants claim the Magistrate Judge overlooked the fact that Plaintiff did not know the names of Defendants Benson and Kimbrel. Neither of these arguments is of consequence with respect to the Magistrate Judge's holding here. What is clear is that Plaintiff's account, absent production of video footage depicting the January 5, 2014 incident,[2] establishes a factual dispute regarding whether Defendants Benson and Kimbrel failed to intervene in the incident.

### C. Retaliation Claim against Defendant Hopwood

Finally, Defendants object to the Magistrate Judge's recommendation that summary judgment be denied as to Plaintiff's retaliation claim against Defendant Hopwood. In her Report and Recommendation, the Magistrate Judge found

---

[2] In her Report and Recommendation, the Magistrate Judge noted that neither party has produced the video footage of the January 5, 2014 incident for purposes of the present motion for summary judgment. (*See* Doc. 84 at 8, n. 4.)

10

Plaintiff had established a retaliation claim against Defendant Hopwood because "a reasonable finder of fact could determine that [Plaintiff]'s constitutionally protected activity [of filing grievances] was a motivating factor in Hopwood's decision to issue an allegedly false misconduct report against him." (Doc. 84 at 32.)

To prevail on a retaliation claim under 42 U.S.C. § 1983, a plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

In the instant case, Defendants argue that the Magistrate Judge failed to consider the fact that the misconduct issued against Plaintiff by Defendant Hopwood was ultimately dismissed by the hearing officer. Under Third Circuit precedent, a false misconduct that was ultimately dismissed is not sufficient to meet the adverse-action element of a retaliation case. *Horan v. Wetzel*, Civ. No. 1:13-CV-00140, 2016 WL 55072, at *1 n.2 (M.D. Pa. Jan. 5, 2016) (Caldwell, J.) (citing *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011)). *See also Marten v. Hunt*, No. 08-77, 2011 WL 767815, at *1-2 (W.D. Pa. Feb. 28, 2011) (citing

11

*Brightwell* and dismissing plaintiff's retaliation claim involving the issuance of a fabricated misconduct that was ultimately dismissed). In light of this case law, the court finds that Plaintiff has failed to meet his burden and the retaliation claim against Defendant Hopwood should be dismissed.

III. **Conclusion**

For the reasons stated herein, the Magistrate Judge's Report and Recommendation will be adopted in part and rejected in part. The court will adopt the Magistrate Judge's recommendation that Defendants' motion for summary judgment with respect to Plaintiff's Eighth Amendment claims for failure to protect against Defendant Williams and failure to intervene against Defendants Benson and Kimbrel be denied. The court will reject the Magistrate Judge's recommendation that Defendants' motion for summary judgment with respect to Plaintiff's First Amendment retaliation claim against Defendant Hopwood be denied. For portions of the Report and Recommendation to which no objection is made, upon review the court finds no clear error on the face of the record. As a result, judgment will be entered in favor of the appropriate Defendants and against Plaintiff.

Further, as Plaintiff has failed to show cause for why Defendant

Correctional Officer Trainee John Doe should not be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (*see* Doc. 82), the court will dismiss the claims against Defendant Correctional Officer Trainee John Doe and terminate him as a party in this action.

This case shall be listed for trial.

An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: April 10, 2017.